**Jason HARRIS, Plaintiff–Appellant**

**v.**

**UNITED STATES of America, Defendant–Appellee.**

**No. 15–1948.**

United States Court of Appeals, Eighth Circuit.

Submitted: May 2, 2016.

Filed: May 13, 2016.

---

David Michael Donovan, Watts & Donovan, Little Rock, AR, for Plaintiff–Appellant.

Jason Harris, Forrest City, AR, pro se.

Lindsey Mitcham Lorence, Assistant U.S. Attorney, U.S. Attorney's Office, Little Rock, AR, for Defendant–Appellee.

Before LOKEN, BYE, and KELLY, Circuit Judges.

**PER CURIAM.**

Federal inmate Jason Harris brought an action under the Federal Tort Claims Act alleging that, after he injured his finger in a cell door at the Forrest City Medium Federal Correctional Institution, an emergency room physician recommended tendon repair within two weeks, yet his scheduled consultation with an offsite orthopaedist was not until 18 days later. After a bench trial, the district court[1] entered judgment in favor of the United States, concluding that Harris presented "no evidence to show that the delay was caused by any of the Defendant's employees, or that it affected [the orthopaedist's] diagnosis." Harris appeals.

Harris's sole argument for reversal is that the district court erred in applying the medical negligence standard of care in the Arkansas Medical Malpractice Act, *see* Ark.Code Ann. § 16–114–202, rather than the standard for ordinary negligence. However, the asserted error did not affect Harris's substantial rights. *See* Fed. R.Civ.P. 61. Before trial, the district court determined that the negligence asserted

---

1. The Honorable Jerome T. Kearney, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

by Harris was within the court's comprehension as a matter of common knowledge, and therefore the Arkansas Medical Malpractice Act did not require Harris to prove negligence by means of expert testimony. *See* Ark.Code Ann. § 16–114–206. After trial, the court concluded that Harris failed to prove that any employee of defendant caused the delayed diagnosis, so the court did not reach the question of what standard of care would apply if a medical provider had caused the delay.

Accordingly, we affirm. *See* 8th Cir. R. 47B.